UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No
Friedrich Lu, Plaintiff
v
Thomas M Menino, Martin J Walsh, William F Sinnott, Eugene L O'Flaherty, Caroline O Driscoll, David Waterfall, George Hulme, Berthé M Gaines, Donna M DePrisco, Angelo M Scaccia, James Carroll, Karyn M Wilson, Jeffrey B Rudman, Zamawa Arenas, A Raymond Tye, Evelyn Arana-Ortiz, Paul La Camera, Carol Fulp, Byron Rushing, Dennis Lehane, John T Hailer, Laura DeBonis, Boston School Committee, Boston Housing Authority, Boston Redevelopment Authority, Boston Public Health Commission, Trustees of Boston Public Library, defendants

## COMPLAINT

(1) The court has subject matter jurisdiction over this matter under 28 USC § 1331 (federal question).

(2) Individual Defendants.

(a) mayors, City of Boston: Thomas M Menino (1993-2014), Martin J Walsh (2014- );

(b) corporate counsel, City of Boston: William F Sinnott (2006-2014), Eugene L O'Flaherty (2014- );

(c) assistant corporate counsel, City of Boston: Caroline O Driscoll, David Waterfall;

(d) director (or head of Office) of Labor Relations, City of Boston: John Dunlap, Paul Curran;

(e) Amy E Ryan is the president (2008- )--and George Hulme a retired official--of the Boston Public Library;

(f) trustees of Boston Public library 2009 (inclusive) onwards: Berthé M Gaines (1984-2011), Donna M DePrisco (1995-2012), Angelo M Scaccia (2000-2009), James Carroll (2000-2011), Karyn M Wilson (2003-2009), Jeffrey B Rudman (2004- ), Zamawa Arenas (2006-

Case 1:14-cv-13053-LTS   Document 1   Filed 07/18/14   Page 2 of 8

), A Raymond Tye (2006-2010), Evelyn Arana-Ortiz (2009- ), Paul La Camera (2009- ), Carol Fulp (2010- ), Byron Rushing (2010- ), Dennis Lehane (2011- ), John T Hailer (2013- ), Laura DeBonis (2013- ).

(3)     Mayor Menino and his lieutenants were ruthless, whose overarching goal was win in all arenas, selling their mothers if that was what it took. To that end, they moved goal posts, suppressed dissent and destroy opponents.

(4)     The instant complaint is about their moving goal posts, to achieve victories in a fell swoop (especially through, but certainly not limited to, motions to dismiss) to defraud plaintiffs and courts. Friedrich Lu wises up for having been on the receiving ends of the *wide-ranging frauds*.

(5)
(a)     Boston City Charter never identifies its departments.

(b)     Massachusetts state laws give state attorney general very narrow scope of oversight over revision of city or town ordinances. Thus City of Boston, under Menino's tutelage, have internalized and made fiefdoms many, if not most, government agencies bearing "Boston" in their names--in part by terrorizing employees of those agencies (see (16) infra) and in part through superficial mentions of such here and there in Municipal Code (also known as City Ordinances). For example, "library department" is the code word for Trustees of Boston Public Library and "school department," for Boston School Committee.

(6)     City's words (including its website and budget) and deeds make believe those "Boston" agencies as City agencies--a premise various plaintiffs reasonably rely on. When confronting civil actions against them, City and those "Boston" agencies, as they see fit, draw lines--shifting, even contradictory among cases--to bring about instant death of legal challenges against them. Yet

outsiders had not been privy to the big picture, until half a year ago an observant Friedrich Lu smelled a rat, delved into it, and cried foul. See (14)(b) infra.

(7)  Balalis v Boston Public Library, Suffolk Super Ct Civil Action No 1994-5628E (City not a (co-)defendant)

(a)  Supervised by then corporate counsel Albert W Wallis, City's Feb 23, 1995 (filing date) Memorandum of Law in support of Motion to Dismiss argued in one section (*in toto*; verbatim):

> "[heading] <u>The City of Boston Is The Entity Legally Responsible For Any Discretionary Actions Taken By Library Personnel Within The Scope Of Their Employment</u>. The Boston Public Library is not subject to the personal jurisdiction of this court in this matter as it is not a proper defendant in this action. The City of Boston is the legal entity responsible for the discretionary actions of City of Boston personnel, including Library personnel. *Holt v. City of Boston*, 24 Mass.App.Ct. 175, 179 (1987). The Trustees of the Public Library of the City of Boston 'is not an entity separate and apart from the City.' *Id*. '[T]he trustees, although a corporation for certain limited purposes, constitutes an integral part of one of the departments of the city government.' *Holt v. City of Boston*, 24 Mass.App.Ct. at 176. This court therefore lacks personal jurisdiction over the defendant Boston Public Library."

(b)  Holt has nothing to do with Trustees of Boston Public Library. Pulling a fast one (on adversaries and courts) is a hallmark of the City.

(c)  The court (Peter M Lauriat J) on Mar 29, 1995 issued Memorandum of Decision and Order on Defendant's Motion to Dismiss,

(i)  which stated in a footnote: "Although the Library has also asserted that the City of Boston is the only appropriate entity to be sued in this case, the court does not reach that issue."

(ii)  and which ruled in substance for the Library (thus the City): "the court has not found any authority which legally obligates the Library to accept any or all such offers [of personal effects consigned to the Library as collection, which plaintiff Balalis had desired]."

(8)     Wyatt v City of Boston (CA1 1994) 35 F.3d 13 ("Malcolm S Medley, on brief for appellee Boston School Committee").

An attorney in private practice then, he was appointed as a special assistant corporate counsel by City to represent (supposedly independent) Boston School Committee to defend reverse discrimination cases.

(9)     Lu v Doe, Suffolk Super Ct Civil Action No 2001-0129E:

Memorandum of Law in support of Motion to Dismiss (submitted by the City) averred "Public Health Commission is a separate legal entity from the City of Boston" causing the court to allow it ("Notice sent 2/20/01" through US mail).

(10)    Fromm v Boston Redevelopment Authority, US Dist Ct civil action No 03-11316-MLW.

The City removed the case from state court to federal court. Another defendant BRA consented to the removal--had BRA argued it was a City agency, objected or sat on it, the removal would have been foiled.

(11)    Menino summoned the previous president, Bernard Margolis, of Boston Public Library, who did not answer to him, and made demands together with threats of removal, in an extortion in violation of the Hobbs Act. In another occasion, Menino wanted Margolis to hire specified people--jobs which federal prosecutors called "political currency" in the racketeering trial of former state probation commissioner John J O'Brien.

(12)

(a)     Dunn v City of Boston (2009) 75 Mass.App.Ct. 556, 557, n 3 ("City Hall Plaza is owned by the Boston Redevelopment Authority [BRA]. There is no contention made in this case that G.L. c 21, §17C, is inapplicable based on the nature of the city's interest in the land. See G.L. c 21, §17[C](b)"), further review denied 455 Mass 1107 (2009). (The § 17 had been

repealed in 1977, § 17C remains valid.)

(b)     Dunn was injured in City Hall Plaza at Boston, a real estate City had no property interest in but chose to defend the case (effectively on behalf of owner BRA).

(c)     In fact, City formed a physical "mayor's office" within the supposedly independent BRA. The custom and usage ("reality" in plain English) is more than the office space, Boston mayor exerts direct control over the entire BRA (the operative word is "direct").

(13)    In Arnston v Trustees of Boston Public Library, Suffolk Super Ct Civil Action No 2009-3102-H, City and Trustees of Boston Public Library on Dec 16, 2009 filed a (joint) motion to dismiss (penned by City), asserting Trustee is a private (!) corporation separate from the City. Said motion caused the court to allow it, mailing out its memorandum of decision and order on Aug 13, 2010.

(14)    Lu v Hulme, US Dist Ct (DMass) Civil Action No 12-11117-MLW

(a)     In email exchanges leading to Lu's Motion to Disqualify So Called Counsel (filed July 2, 2012), Driscoll maintained Trustees of Boston Public Library was a City agency, thus justifying City's legal representation.

(b)     The City removed between June 21, 2012 and Oct 18, 2013 from its website a document issued by Committee on Economic Development and Planning, Boston City Council, Dec 8, 2011 (a memo in Docket #1238). Lu pulled the thread, and City's house of cards crumpled before his eyes. The following is now known: that Menino's and Sinnott's signature were in one pdf file of the docket; that City, though wire, removed the other pdf file (said memo) to divert attention away from Menino; and that City (under Walsh) continues the cover-up as to who did it when and why.

(b)     On July 2, 2013 Driscoll emailed Lu: "All of my correspondence with the court, which is limited to just filings, is reflected in the docket."

(c)     On May 15, 2014, Waterfall electronically filed with clerk's office "Defendant's Opposition to Plaintiff's Motion to Compel and Request for Protective Order." Waterfall had not consulted with Lu about "Request for Protective Order" (as required under district court local rules), did not serve Lu a copy, and purposely caused the clerk's office to notify Lu of Waterfall's filing (showing title only, no text, as had been the case): "Document Number: 44[.] Docket Text: Opposition re [43] MOTION to Compel filed by George Hulme, Trustees of Boston Public Library."

(d)     On May 16 and again on June 19, 2014, Waterfall emailed Lu sworn statements "on behalf of" Hulme and incumbent trustees of Boston Public libraries (as well as Ryan), about "all persons * * * who were percipient witnesses to the transaction or occurrence giving rise to the claim or who are otherwise known or believed to have substantial discoverable information about the claims or defenses with regard to all claims raised in the Complaint."

(e)     On June 19, 2014, through omission in an email (to Lu) O'Flaherty, Waterfall and Driscoll concealed Balalis from Lu.

(f)     O'Flaherty manages Driscoll and Waterfall.

(15)    Dunlap and Curran approve/approved City's representation, to state Department of Labor Relations as well as its predecessors, that Trustees of Boston Public Library is a City agency, causing said Department to mail out eight (8) decision in favor of the City (on that point at least).

(16)    Having inherited the machine, Walsh chose (and still chooses) to perpetuate the schemes, however indefensible (legally and morally). On or about Mar 7, 2014 Walsh eliminated a BRA division and fired sixteen (16) BRA employees (without authority) in an extortion in violation of the Hobbs Act and using or causing to be used a flood of mail and wires to attain the aim, all in furtherance of the on-going, wide-ranging frauds.

(17)    As a result of the pattern of racketeering activity, Lu has suffered injuries in his properties (lawsuit; having to endure fraudulent legal tactics, as well as ask state court to interpret state law (despite , and pay for court fees and miscellaneous costs (such as certified copies of court documents).

(18)    Count One: 18 USC §1962(b). All defendants through a pattern of racketeering activity acquire or maintain (or acquired or maintained), directly or indirectly, any interest in or control of enterprises which is engaged in, or the activities of which affect, interstate or foreign commerce. The enterprises are/were their respective (government) offices.

(19)    Count Two: 18 USC §1962(c). All defendants (except Menino and Walsh) ("persons") employed by or associated with an enterprise are/were engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. Menino once directed and Walsh now directs the enterprise comprising both Law Department and Office of Labor Relations of the City, Boston School Committee, Boston Housing Authority, Boston Redevelopment Authority, Boston Public Health Commission, plus Trustees of Boston Public Library.

(20)   Count Three: 18 USC §1962(d). All defendants conspire/conspired to violate any of the provisions of subsection (a), (b), or (c) of 18 USC §1962.

(21)   Count Four: common-law fraud of Massachusetts.

(22)   Lu request jury trial on liability and damage. Asides Lu asks for court costs.

Plaintiff:   Friedrich Lu, pro se
Date:        July 15, 2014
Email address: x2flu@yahoo.com
Address:     ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112